**Stephen Michael GIACALONE, Appellant,**

v.

**Frieda GIACALONE (now Kelley), Appellee,**

**and Cross–Appeal**

**Frieda GIACALONE (now Kelley) and Diana L. Skaggs, Cross–Appellants,**

v.

**Stephen Michael GIACALONE, Cross–Appellee.**

Nos. 91–CA–001762–S, 91–CA–001787–S.

Court of Appeals of Kentucky.

March 11, 1994.

---

1. Presently codified at 405 KAR 7:091, Section 3(5)(a).

John W. Bauman, Louisville, for appellant, cross-appellee.

Diana L. Skaggs, Louisville, for appellee, cross-appellants.

Before DYCHE, HOWERTON and JOHNSON, JJ.

## *OPINION*

JOHNSON, Judge:

Stephen Giacalone (Stephen) appeals and Frieda Kelley (Frieda) cross-appeals from an order entered June 21, 1991 which increased Stephen's child support obligation by $25.00 per week in light of one of the parties' children attending a parochial high school.

Stephen and Frieda were married in 1972 in Jefferson County, Kentucky. Two children were born of the marriage. The marriage was dissolved by a decree entered August 20, 1986. The parties entered into a separation agreement (Agreement) which was incorporated into the dissolution decree. The Agreement contained a provision which attempted to address the possibility of future

tuition requirements for parochial high school attendance by one, or both, of the children. The Agreement also provided that Stephen would retain the right to participate in decisions concerning the educational needs of the children. The decree required Stephen to pay the following towards the support of the children: $105.00 per week from September 1st to June 1st of each year; and $134.65 per week from June 1st to September 1st.

On April 8, 1991, Frieda moved for an increase in child support to an amount consistent with the Kentucky Child Support Guidelines, Kentucky Revised Statutes (KRS) 403.212. In addition, Frieda moved for an additional allowance consistent with the parties' children's parochial school tuition.[1] The Domestic Relations Commissioner (Commissioner) found that Frieda had a gross monthly income of $2,880.66 compared to Stephen's gross monthly total of $1,907.89. The Commissioner noted that Stephen's income represented 39.8% of the monthly gross income of the parties, which corresponded to a support obligation of $90.52 per week under the guidelines.

In considering Frieda's motion for modification, the Commissioner held that the court was bound by the statutory child support guidelines and that the parties could not determine by agreement what constituted a material change in circumstances regarding child support under KRS 403.213. The Commissioner noted that deviation from the guidelines is only permitted if the court finds that the child has extraordinary educational needs. KRS 403.211(3)(b). The Commissioner noted that Frieda had not shown that either child possessed extraordinary educational needs or that the public schools were inadequate. The Commissioner concluded that Frieda had not made the required showing under the statute.

Frieda filed exceptions to the Commissioner's report. In sum, Frieda claimed that the Commissioner incorrectly determined the monthly income of the parties; and that the Commissioner failed to enforce the agree-

ment made by the parties that parochial school tuition would be a material change in circumstances necessitating an increase in support. Frieda also claimed that Stephen should be estopped from contesting the Agreement since he participated in the selection process, though he preferred DeSales High School to St. Xavier due to slightly lower tuition. In response, Stephen stated that the support statutes do not require him to pay for attendance at one of the most expensive schools in Jefferson County.

The trial court did not accept the Commissioner's interpretation of the agreement. Rather, the court concluded that the Agreement, and the "history of the parents' intention about their children's education," justified a deviation from the statutory child support guidelines. The court also noted that the sheriff suggested that the tuition for DeSales was approximately $265.00 per month for a ten (10) month period. The court noted that the sheriff's figures could not be considered evidence, but then proceeded to order an increase in support of $25.00 per week based upon same. The court stated that this would represent a 50/50 division of the tuition at DeSales and would be "a *modest* interpretation of the parties' agreed upon intention about their childrens' (sic) education." (emphasis original). This appeal followed.

Although the parties raise numerous arguments in their position statements, this appeal concerns two principal issues: whether the parties to a separation agreement can waive the statutory requirement of proving a material change in circumstances in seeking an increase in child support; and if so, is such an increase subject to the statutory child support guidelines.

## I. The Agreement

It is well settled that the parties to a dissolution of marriage action may enter into a separation agreement regarding issues of the custody, visitation and support of children. KRS 403.180.[2] Stephen and Frieda

---

1. Frieda also moved for a modification of the health insurance provision of the Agreement.

The modification was granted and is not at issue in this appeal.

2. The statute requires the trial court to review

entered into such an agreement, which contained the following provisions:

> 2.3 Respondent (Stephen) shall have the right to participate in decisions concerning each child's education and medical treatment.
>
> . . . .
>
> 3.5 The children of the parties are presently enrolled in parochial schools. If either or both children are enrolled in parochial high schools, the parties agree that this additional expense shall be a bona fide expense of the children and will constitute a change of circumstances so substantial and continuing as to render the child support payable under [this agreement] unconscionable. In such event, the parties shall attempt to renegotiate child support, and if unsuccessful, will petition the Court for an increase in child support in order to take into account this additional expense.

■■■ Stephen claims that paragraph 2.3 above, which grants him the right to participate in decisions concerning the education of the children, controls paragraph 3.5 above, which states that attendance at a parochial high school would render the previously agreed to support obligation unconscionable. In sum, Stephen's argument is that Frieda did not comply with paragraph 2.3, thereby releasing him from any financial obligation which he might have agreed to in paragraph 3.5. However, this interpretation of the agreement is not sound in light of the plain language of the agreement. Paragraph 2.3 only grants Stephen the right to *participate* in decisions regarding the education of the children; it does not grant him a veto power over the type of school chosen.[3] As participation could encompass accompanying the child to open houses during the selection process, Stephen's argument that Frieda violated paragraph 2.3 is without merit. Stephen could have bargained for veto power over the selection of a high school, but did

not. This Court cannot grant him power that he did not bargain for in the agreement.

■■■ The real issue is whether the parties to a separation agreement can waive a statutory requirement that the party moving for an increase in child support prove a material change in circumstances. We are not aware of any Kentucky decisions that directly address this issue. However, the Supreme Court of Louisiana has held that the parties may waive such a requirement if it does not impair the rights of others; is not contrary to the public interest; and is expressly, knowingly and voluntarily made. *Aldredge v. Aldredge*, 477 So.2d 73 (La., 1985). We hereby adopt this standard in determining whether the parties can waive the statutory requirement that the party moving for an increase in child support prove a material change in circumstances. As both parties were represented by counsel during the formation of the separation agreement, the validity of the waiver is not at issue. Rather, the issue is whether the agreement impairs the rights of others or is contrary to the public interest. Although, the courts have long held that parents may not discharge the duty of supporting a minor child by contract, there appears to be no reason why the parents should not be permitted to agree to make modifications of support more readily available by waiving the requirement that the custodial parent prove a material change in circumstances when the child attends a parochial high school with tuition in excess of $3,000.00 per year. Consequently, this Court concludes that the parties made an effective waiver of a statutory requirement that a party prove a material change in circumstances prior to obtaining an increase in child support. We see no harm to the children nor to the public when the purpose of the waiver is to more readily allow for an increase in child support payments for educational purposes.

the support, maintenance and property provisions of the agreement to determine if said provisions are unconscionable. If the trial court finds that said provisions are not unconscionable, they may be incorporated into the decree of dissolution, as occurred in this case.

**3.** Absent an agreement to the contrary, the custodial parent may usually choose the type of education provided to a child. Graham & Keller *Kentucky Domestic Relations Law* § 23.04(E), p. 465 (1988), citing *Wilhelm v. Wilhelm*, Ky., 504 S.W.2d 699 (1973).

## II. Applicability of the Statutory Guidelines

■ Having found that the child support is subject to reopening based on the terms of the Agreement between the parties, we must now address the applicability of the child support guidelines of KRS 403.210 *et seq.* We hold that the child support must be set anew pursuant to KRS 403.210 *et seq.* The trial court should consider all changes in finances of the parties and needs of the children in setting the new amount. Any deviation from the guidelines must "be accompanied by a written finding or a specific finding on the record by the court, specifying the reason for the deviation." KRS 403.-211(2). We hold that the trial court's finding that deviation from the guidelines was justified because of "the history of the parents' intention about their childrens' (sic) education" is proper under KRS 403.211(3)(f) or (g). The amount of that deviation shall be determined by the trial court and is within its sound discretion. However, all child support amounts should be payable by the parties in the same proportion as their base child support amount as provided in KRS 403.212(3).

## III. Other Issues

### a. Calculation of Income

This Court must also address Frieda's claim that the trial court incorrectly determined Stephen's gross monthly income. Subsequent to the trial court's decision in this case, this Court rendered the decision of *Keplinger v. Keplinger,* Ky.App., 839 S.W.2d 566 (1992). On remand the trial court should determine the parties' income consistent with *Keplinger* and the other authority of this Commonwealth. We note "that KRS 403.-212(2)(a) must be read as creating a presumption that future income will be on a par with the worker's most recent experience. The party who wants the trial court to use a different income level in applying the child support guidelines bears the burden of presenting evidence which would support the requested finding." *Id.* at 569. (footnote omitted).

### b. Date of Modification

■ Frieda's next claim of error is that any modification award should be retroactive to the date of enrollment at St. Xavier High School. This claim is without merit. KRS 403.213(1) clearly provides that any increase shall apply only to installments accruing subsequent to the filing of the motion for modification. However, the trial court ordered the modification to take effect June 21, 1991, the date of the court's opinion. On remand, the effective date of any increase is within the sound discretion of the trial court. *Ullman v. Ullman,* Ky., 302 S.W.2d 849, 851 (1957).

### c. Amount of Increase

■ Frieda next claims that the court erred in setting the amount of the increase in weekly child support. In sum, Frieda asserts that the court should have based the modification award on the actual tuition expense incurred for attendance at St. Xavier, rather than the tuition for the other school considered, DeSales. This determination is within the sound discretion of the trial court. *Redmon v. Redmon,* Ky.App., 823 S.W.2d 463, 465 (1992). However, we believe that it is necessary to remand the issue of the amount of the educational expenses incurred. Specifically, the trial court appears to have based its decision upon the unsworn testimony of the sheriff, though the court stated that such was not evidence. In addition, as noted by Frieda, educational expenses encompass more than merely tuition. She specifically claims that any savings in tuition that would have resulted from enrollment in DeSales would have been offset by additional transportation costs in comparison to St. Xavier. Accordingly, on remand the trial court should determine the total educational expenses incurred before setting the amount of any increase in support.

### d. Costs and Attorney's Fees

■ The final issue raised by the parties is costs and attorney's fees. The trial court did not address Frieda's request in its opinion. Treating this as a denial of same, there is nothing in the record to indicate an abuse of discretion. It is well settled that the decision whether to award costs and attorney's fees to

 

a party is within the sound discretion of the trial court and its decision will not be disturbed on appeal absent an abuse of discretion. *Gentry v. Gentry,* Ky., 798 S.W.2d 928 (1990); *Wilhoit v. Wilhoit,* Ky., 521 S.W.2d 512 (1975).

The decision of the trial court is reversed and this matter is remanded for additional findings consistent with this Opinion.

**All concur.**