**Jason HOLLAND, Appellant,**

v.

**Brenda HOLLAND, Appellee.**

**No. 2008–CA–002115–ME.**

Court of Appeals of Kentucky.

June 19, 2009.

Louise B. Welch, Louisville, KY, for Appellant.

J. Russell Lloyd, Louisville, KY, for Appellee.

Before COMBS, NICKELL, and TAYLOR, Judges.

## OPINION

NICKELL, Judge.

Jason Holland (Jason) appeals from an order of the Jefferson Circuit Court entered on October 13, 2008, denying his request to modify child support as of the date the matter was heard by the trial court rather than the date on which the trial court's order was entered. After reviewing the law and the record, we affirm.

Jason and Brenda Holland (Brenda) were married in 2001. A son was born to them in 2002. They separated in July 2006, and a month later Jason petitioned the court to dissolve the marriage. The parties executed a partial property settlement agreement resolving all issues except custody of their son. A decree of dissolution was entered on September 24, 2007.

At the time of dissolution, Jason, a Captain in the United States Army stationed at Fort Knox in Hardin County, Kentucky, was earning $5,861.00 per month. Brenda, a biology teacher for the Jefferson County Public Schools who also works at Bellarmine University and the University of Louisville Hospital, was living in Jefferson County and earning $3,296.00 per month. The settlement agreement set Jason's monthly child support obligation at $793.00, which he began paying in February 2007.

Jason sought equal parenting time with his son who was four years old when the divorce became final in 2007. Jason was willing to move to Louisville if the court deemed it necessary for him to have equal time with his son. The court found the distance between Jason's home and Brenda's home to be a significant obstacle to equal parenting and entered an order outlining various contingencies. If Jason moved to Louisville within ninety days of entry of the court's order, the parties would "share parenting time equally" and they would "determine an appropriate child support obligation." If Jason moved

to Louisville, but he and Brenda could not agree on the appropriate child support obligation within thirty days of Jason's relocation to Louisville, "[Jason] may file a motion for the modification of child support." Alternatively, if Jason did not move to Louisville, Brenda would remain the child's primary residential custodian and Jason would have weekly parenting time with his son.

On October 4, 2007, Brenda moved the court to clarify the terms of its September order. Specifically, she asked whether it was sufficient that Jason reside in Jefferson County, or must he also work within the county. In the motion, Brenda also asked that Jason's support obligation be increased to $965.00 per month to reflect daycare expenses the court had not considered in its prior calculation. On October 12, 2007, the court entered an order stating equal parenting was contingent only upon Jason's living in Jefferson County. The order did not modify child support.

Before moving to Louisville, Jason attempted to reach an agreement with Brenda on the child support award. When Brenda did not respond, a hearing was scheduled for December 4, 2007. In preparation for the hearing, Jason filed a child support worksheet indicating he should pay $618.00 per month to support his son. During the hearing, the court gave Brenda ten days to tender a child support worksheet whereupon the court would prepare a child support calculation. An order summarizing the hearing was entered on December 5, 2007. It specified: the terms of the order entered on September 24, 2007, were to be given full effect; the parenting schedule was to begin December 8, 2007; Brenda was to tender a child support worksheet within ten days; and all consistent existing orders were to remain in effect. Jason maintains the court modified his monthly child support obligation during

the hearing, but we have located no evidence of such a change, oral or written, in the record.

Jason admits he never filed a written motion to modify child support, but in February 2008 he filed an AOC–280 form (titled "Notice of Submission of Case for Final Adjudication") indicating that a "MODIFICATION OF PETITIONER'S CHILD SUPPORT DUE TO MODIFICATION OF PARENTING TIME" had been submitted to the court for final adjudication. On May 16, 2008, the trial court entered a second order based on the December 2007 hearing. This order reflected that Jason and Brenda were now sharing joint physical custody of their son and modified the "respondent's" monthly child support obligation to $264.68. Brenda moved the court to vacate and amend[1] the order because she believed the court had reversed the parties and mistakenly required Brenda, the respondent, to pay $264.68 in child support when it really meant to assign that responsibility to Jason, the petitioner. Brenda also asked that the child support obligation be recalculated to reflect the health care premium paid by Jason and the daycare costs she was paying. Ultimately, Brenda asked that Jason be ordered to pay $961.00 in monthly child support.

While Jason argued Brenda's motion to alter or vacate was untimely, he acknowledged the order should be corrected to reflect that he, not Brenda, was responsible for paying $264.48 each month. He then went a step further and asked that the reduced obligation be made retroactive to December 8, 2007, the date joint custody began.

On June 26, 2008, the court entered an order invoking its authority under CR 60.01 to *sua sponte* correct clerical mistakes in its own orders. Acknowledging it had reversed the incomes in its order of May 16, 2008, the court concluded Jason would now be paying $264.68 per month in child support; denied Brenda's request to recalculate Jason's obligation because her motion was untimely filed; and finally, ordered that each party pay any child care expenses incurred during the time he/she has custody of their son.

On July 2, 2008, Jason moved the court for a common law judgment allowing him to recover $3,073.83 in child support overpayments he had made between December 2007 and May 2008. He claimed this was appropriate because "the court reduced the support after a hearing held on December 4, 2008." While the court did reduce Jason's support obligation, from our reading of the record it did not do so until May 16, 2008, and that order was then corrected on June 26, 2008. Jason's motion stated, "[c]hild support modifications normally are retroactive to [the] date of the motion; however, in this case, [Jason] believes that it should be retroactive to the date of the modification of custody, or December 8, 2008."[2]

On September 18, 2008, the court denied Jason's motion for repayment because KRS[3] 403.213(1) allows a court to modify *subsequent* support awards but not payments that have already accrued. The court stated, "[b]ecause [Jason] did not file a motion for child support modification, child support amounts cannot be modified, despite the change in the minor child's custody."

1. Kentucky Rules of Civil Procedure (CR) 59.05, CR 60.01 and CR 60.02.

2. While Jason used the date December 8, 2008, he apparently meant December 8, 2007.

3. Kentucky Revised Statutes.

Jason moved the court to set aside that portion of its September 18 order denying his request to make the reduction retroactive to the December 2007 hearing. He admitted he never filed a written motion for modification, but argued a formal motion was unnecessary because the court knew he wanted a change as early as October 8, 2007.[4] Jason argued he was not required to move the court to modify the support order after the court had already heard and decided the issue. He claimed the court had modified his support obligation on December 5, 2007, and all he was requesting was a *nunc pro tunc*[5] order reflecting that fact. On October 13, 2008, the court denied Jason's motion to reconsider the September 2008 order. Jason timely appealed and for the reasons that follow, we affirm.

### ANALYSIS

■ On appeal, Jason contends the trial court abused its discretion in denying his request for a *nunc pro tunc* order making a reduction in his monthly child support obligation retroactive to the date of a hearing in December 2007. In contrast, Brenda maintains there was no abuse of discretion; the circumstances did not justify entry of an order or judgment *nunc pro tunc* because there was no omission; and the trial court could not modify support payments once they had accrued. We agree with Brenda.

■ Our review of child support awards is governed by the abuse of discretion standard. *Plattner v. Plattner*, 228 S.W.3d 577, 579 (Ky.App.2007). Discretion is abused only when a trial court's decision is arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Downing v. Downing*, 45 S.W.3d 449, 454 (Ky.App.2001). We will disturb a trial court's findings of fact only if they are clearly erroneous. *Wilhoit v. Wilhoit*, 521 S.W.2d 512, 513 (Ky.1975).

KRS 403.213 governs the modification of child support orders. The statute specifies child support provisions "may be modified only as to installments accruing subsequent to the filing of the motion for modification and only upon a showing of a material change in circumstances that is substantial and continuing." KRS 403.213(1). Brenda correctly argues she cannot be divested of child support payments that have already accrued. *Pretot v. Pretot*, 905 S.W.2d 868, 871 (Ky.App. 1995); *Giacalone v. Giacalone*, 876 S.W.2d 616, 620 (Ky.App.1994). Thus, any change in the amount of Jason's obligation could be prospective only.

Jason argues the filing of a written motion for a modification is unnecessary. We disagree. The "filing of [a] motion for modification" is specifically mentioned in KRS 403.213(1). Jason even acknowledges in the pleadings he filed in the trial court and in this Court that "modifications are usually made by motion[.]" Also, consistent with *Pretot* and *Ullman v. Ullman*, 302 S.W.2d 849, 850 (Ky.1957), he admitted in his written request for a judgment allowing him to collect alleged overpayments that, "[c]hild support modifications normally are retroactive to [the] date of the motion." In reviewing the record, we did not locate an oral or written motion filed by Jason to modify child support.

---

**4.** The case was discussed for about three minutes at motion hour on October 8, 2007. The only mention of child support was by Jason's attorney who said she would have to do more research on the issue. Jason's attorney objected to some aspect of child care costs, but most of the discussion centered upon Jason's

planned move to Jefferson County and his work assignment.

**5.** The literal translation of the phrase *nunc pro tunc* is " 'now for then' and connotes a retroactive effect." 56 Am.Jur.2d *Motions, Rules, and Orders* § 58 (citations omitted).

Jason argues the trial court modified his support obligation after the hearing on December 4, 2007. The record contains two orders pertaining to that hearing. The first order, entered on December 5, 2007, says nothing about reducing the support award. In fact, it states, "[t]he only issue remaining unsettled is that of child support." The second order, entered on May 16, 2008, and corrected on June 26, 2008, reduced Jason's support obligation to $264.68.

Because "a court of record speaks only through its records," *Allen v. Walter,* 534 S.W.2d 453, 455 (Ky.1976), and an oral pronouncement is not a judgment until it is reduced to writing, *Commonwealth v. Hicks,* 869 S.W.2d 35, 38 (Ky.1994) (citing 7 Bertelsman and Philips, *Kentucky Practice,* CR 54.01, cmt. 2 (4th ed.1984)), no child support modification occurred until May 16, 2008. Thus, the trial court had no authority to reduce Jason's monthly payments as of December 2007 in the absence of a written request for modification. Furthermore, since only future payments are subject to modification, the court had no authority to allow Jason to recoup support payments that had already accrued to Brenda for their son's benefit. *Pretot,* 905 S.W.2d at 871.

When granted, a modification of support is wholly within the discretion of the trial court. *Giacalone,* 876 S.W.2d at 620; *Ullman,* 302 S.W.2d at 851. We have been provided no legal authority upon which to hold that the trial court abused its discretion in declining to make a child support modification retroactive to the date of a change in custody when no written motion seeking a modification was filed. We have also been provided no authority permitting modification in the absence of a written motion for modification. Based upon KRS 403.213(1), we believe that a written motion for modification is required before a trial court may change a child support award. Therefore, the trial court properly denied Rogers' motion for a *nunc pro tunc* order.

For the foregoing reasons, we affirm the order of the Jefferson Circuit Court.

ALL CONCUR.