RENDERED: MARCH 5, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1733-MR

NABEEL G. ABUNASSAR                      APPELLANT


               APPEAL FROM JEFFERSON CIRCUIT COURT
v.            HONORABLE A. CHRISTINE WARD, JUDGE
               ACTION NO. 01-FC-000497


CABINET FOR HEALTH AND FAMILY
SERVICES, COMMONWEALTH OF KENTUCKY;
AND PATRICIA E. ORTIZ                   APPELLEES


AND                NO. 2019-CA-1734-MR


NABEEL G. ABUNASSAR                      APPELLANT


               APPEAL FROM JEFFERSON CIRCUIT COURT
v.            HONORABLE A. CHRISTINE WARD, JUDGE
               ACTION NO. 01-FC-005094


CABINET FOR HEALTH AND FAMILY
SERVICES, COMMONWEALTH OF KENTUCKY;
AND PATRICIA E. ORTIZ                   APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; COMBS AND JONES, JUDGES.

JONES, JUDGE:  Nabeel G. Abunassar and Patricia E. Ortiz were involved in two Jefferson Circuit Court, family division (hereinafter "the family court"), actions: (1) 01-FC-000497 (hereinafter "the dissolution action") and (2) 01-FC-005094 (hereinafter "the custody action").  The family court entered identical orders in both actions, and Abunassar filed separate appeals from said orders.  Given the history of the case and the identical nature of the orders, we have chosen to address these appeals together.  After review, we affirm.

To give context to the issues arising from these appeals, we must first look at the history of both family court actions.

In January 2001, the dissolution action was filed.  After some brief litigation, the family court entered a temporary order concerning the custody and support of the parties' child and a decree of annulment.  The family court then directed the parties to file a separate action to litigate any further issues pertaining to child custody and support, which they did.  The custody action commenced in July 2001, following the direction of the family court.  After several years of litigation, on November 7, 2005 the Jefferson Family Court entered an "Order Pertaining to the Payment of Child Support and Statutorily Defined Child Care

-2-

Expenses." Therein, the family court set Abunassar's child support at $578.00 per month beginning on November 10, 2005.

In 2008, the Cabinet for Health and Family Services ("the Cabinet") filed a motion to intervene and to modify child support (hereinafter referred to as "the 2008 motion"). The Cabinet filed its motion as part of the dissolution. Why it did so is unclear since by this time the parties had been litigating the issue of child support in the separate, subsequently filed custody action. Regardless, the family court granted the Cabinet's motion to intervene and indicated that a hearing would be set on the Cabinet's motion to modify child support. However, for reasons that are not apparent from the record, no hearing was ever scheduled.

Next, on July 30, 2009, Abunassar, through private counsel, filed a motion to modify his child support obligation in the custody action (hereinafter "the 2009 motion"). Around this time, Ortiz sought to relocate with the child to Florida, and Abunassar's counsel withdrew from the case due to medical reasons. The family court allowed Ortiz to relocate and reserved the issue of child support for "further orders of the court." Additionally, the family court allowed Abunassar to request that any pending hearings be rescheduled "within a reasonable period of time following the entry of [the] order."

Eventually both parties relocated to Florida, but they consistently appeared before the family court over the next several years. In 2014, the parties

initiated an action in Florida, Miami-Dade County, Circuit Family Division, case number 2014-02095-FC-04, to domesticate the Kentucky judgment. Litigation occurred in Florida for a few years; however, the case was dismissed in 2017 because the parties failed to move it forward.

In December 2018, the Cabinet garnished funds from a bank account held by Abunassar to satisfy his child support arrears. According to the Cabinet, Abunassar had accumulated child support arrears from November 10, 2005 until the child's emancipation in May 2018 totaling $50,135.37. The Cabinet's calculation was based on the family court's November 7, 2005 order in the custody action.

In February 2019, Abunassar filed a motion, in the dissolution action, to set aside his child support arrearage. The motion was heard in May 2019, and afterward, the family court allowed the parties to file post-hearing briefs. During this post-hearing briefing period, the parties "discovered" the existence of the custody action, and the Cabinet raised concerns as to whether Abunassar's motion to set aside child support arrears was properly before the family court as part of the dissolution action. Instead of waiting for the family court to rule, Abunassar filed a renewed motion to modify his child support obligation in the custody action.

On October 24, 2019, the family court entered identical orders in the dissolution action and the custody action denying Abunassar's motions and all other requested relief. This appeal followed.

We review child support awards under an abuse of discretion standard. *Holland v. Holland*, 290 S.W.3d 671, 674 (Ky. App. 2009). The trial court abuses its discretion when its "decision is arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id.* (citation omitted). Its findings of fact are disturbed "only if they are clearly erroneous." *Id.* Findings of fact are clearly erroneous if they are "not supported by substantial evidence." *Stanford Health and Rehabilitation Center v. Brock*, 334 S.W.3d 883, 884 (Ky. App. 2010).

Abunassar assigned two errors to the family court on appeal. First, he suggests that the family court should have considered the evidence he presented at the May 2019 hearing, regarding the parties' changed circumstance, before it denied his motions. Second, he posits that his due process rights were violated because "the Cabinet should have given reasonable notice and opportunity to be heard before garnishment." We need only address Abunassar's first argument because the second was not presented to the family court; therefore, it is not properly preserved for review.[1]

---

[1] Appellants are not "permitted to feed one can of worms to the trial judge and another to the appellate court." *Kindred Healthcare*, *Inc. v. Henson*, 481 S.W.3d 825, 831 (Ky. App. 2014).

Without a written motion for modification the family court lacks authority to change a child support obligation. *Holland*, 290 S.W.3d at 675. Although not specifically stated, Abunassar's argument necessarily presumes that the family court also erred in its finding that his 2008 and 2009 motions were withdrawn,[2] and in its ruling that the 2019 motion to set aside arrears and 2019 renewed motion to modify child support were improper. We disagree.

The 2008 motion was filed by the Cabinet, at the request of Abunassar, in the dissolution action. Both parties agree this was an error. Additionally, although the family court instructed the Cabinet to request a hearing date for the 2008 motion, it never did. At the May 2019 hearing, the Cabinet apparently informed the family court that it made notations in its files that Abunassar was represented by private counsel, which is most likely why it did not pursue the 2008 motion.

Subsequently, Abunassar's counsel filed the 2009 motion. The family court reserved the 2009 motion and allowed Abunassar to reschedule any pending

---

[2] The Jefferson Family Court stated in its opinion "it is clear [Abunassar's] motions were remanded." The term "remand" is defined as "1. The act or an instance of sending something (such as a case, claim, or person) back for further action. 2. An order remanding a case, claim, or person." *Remand*, BLACK'S LAW DICTIONARY (11th ed. 2019). We recognize it is common practice for attorneys to "remand" or "withdraw" motions. However, we believe the more proper term here is "withdraw," which is defined as "[t]o take back (something presented, granted, enjoyed, possessed, or allowed)[.]" *Withdraw*, BLACK'S LAW DICTIONARY (11th ed. 2019). We have decided to proceed with the term "withdraw" to avoid any unnecessary confusion.

-6-

hearings within a reasonable time, given his counsel's need to withdraw. Abunassar hired new counsel who was present at a hearing in March 2010, where the family court specifically asked about child support. Here Abunassar had ample opportunity to address his 2009 motion and for whatever reason did not. Instead, both parties indicated that the only issue before the family court was contempt. The family court's order following the hearing specifically noted that the parties had not introduced any evidence pertaining to the 2009 motion. This too would have been a reasonable time for Abunassar to renew his motion for modification, yet he did not.

In March 2011, at a status hearing Abunassar's counsel indicated that he and Abunassar discussed filing a motion to modify his support obligation but no motion was filed. Again, the 2009 motion was not addressed. Abunassar also filed a motion for modification in his Florida case before it was dismissed for failure to move the case forward. He did not provide the family court with an order from the Florida court modifying his support obligation.

Abunassar's actions, particularly those at, and following, the March 10, 2010 and 2011 hearings, are not the actions of someone who believes he has a pending motion for the modification of child support. As a result, we do not believe the family court's finding, that the 2008 and 2009 motion were withdrawn, was clearly erroneous.

Moreover, although Abunassar's 2008 and 2009 motions appear to raise an issue of first impression, the family court's findings and subsequent ruling align with Kentucky's policy concerning the retroactive modification of child support. The retroactive modification of child support is "forbidden by statute." *Pecoraro v. Pecoraro*, 148 S.W.3d 813, 815 (Ky. App. 2004). As the Kentucky Supreme Court explained,

> [b]y their very nature, child support payments are exigent. Such payments cannot be indefinitely postponed while parties litigate. If a subsequent court order retroactively cancels a child support debt, parties would be encouraged to refrain from payment in the hope of obtaining relief subsequently.

*Thompson v. Thompson*, 172 S.W.3d 379, 382 (Ky. 2005) (holding that the temporary child support order entered by the district court in a domestic violence proceeding could not be retroactively modified by the family court in a dissolution action).

Likewise, for these same reasons, we cannot permit a motion for the modification of child support to remain reserved for an indefinite period of time. Abunassar allowed the 2008 and 2009 motions to remain dormant for years despite being given ample opportunity to renew the motions in a timely manner. He only attempted to argue the 2008 and 2009 motions remained pending after the Cabinet garnished his wages to satisfy years of unpaid child support. Abunassar's behavior is exactly what the Kentucky Supreme Court sought to discourage in *Thompson*.

-8-

This leaves only Abunassar's 2019 motion to set aside his arrears and his 2019 renewed motion to modify child support. Both of these motions were filed after the child became emancipated in 2018. The child's emancipation did not relieve Abunassar of his obligation to pay arrears.

> [U]npaid periodical payments for maintenance of children become vested when due. As a result and as a matter of fact, each installment of child support becomes a lump sum judgment, *unchangeable by the trial court* when it becomes due and is unpaid. Accordingly, the courts are without authority to forgive vested rights in accrued maintenance.

*Price v. Price*, 912 S.W.2d 44, 46 (Ky. 1995) (citations and internal quotation marks omitted). Therefore, the family court did not abuse its discretion by denying Abunassar's 2019 motions.

Given the family court's determination that Abunassar did not have a motion for the modification of his child support obligation properly before the family court, it did not err in its decision not to consider evidence concerning the parties' changed circumstances.

For the foregoing reasons, we AFFIRM the identical October 24, 2019 orders of the Jefferson Circuit Court, family division.

ALL CONCUR.

BRIEF FOR APPELLANT:

Nabeel G. Abunassar, *pro se*
Homestead, Florida

BRIEF FOR APPELLEE, CABINET
FOR HEALTH AND FAMILY
SERVICES:

Daren C. Neel
Louisville, Kentucky