RENDERED: FEBRUARY 4, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0329-ME

GREGORY S. L'HEUREUX                                          APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
FAMILY COURT DIVISION
HONORABLE GINA KAY CALVERT, JUDGE
ACTION NO. 16-CI-500478

TRICIA A. HETTINGER L'HEUREUX                               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; TAYLOR AND L. THOMPSON, JUDGES.

TAYLOR, JUDGE: Gregory L'Heureux (Gregory) appeals from Orders entered November 19, 2020, and February 23, 2021, by the Jefferson Circuit Court, Family Court Division (family court), which denied his motion for a reduction in child support and subsequently ordered an increase in his current monthly child support obligation. We affirm.

## BACKGROUND

Gregory and Tricia Hettinger L'Heureux (Tricia) married in 1992 and were divorced by decree entered on June 9, 2016. At the time of the divorce, the parties had two minor children.[1] Prior to entry of the decree, the parties entered into a property settlement agreement (PSA). Therein, the parties agreed that Gregory would pay $808 per month in child support in accordance with Kentucky's child support guidelines, but the amount was "subject to modification and/or review if a substantial change in circumstances should occur." PSA at 4. The PSA addressed Gregory's visitation with the youngest child according to both Tricia's work schedule and the amount of overtime worked by Gregory. At the time of the divorce, Gregory worked at Zoeller Pump Co. (Zoeller) and Tricia worked at Baptist Health as a registered nurse.

In May 2017, Gregory filed a motion to terminate his child support obligation for the parties' son, who had recently turned eighteen years old and was preparing to graduate from high school. The parties attended mediation and an agreed order was entered that lowered Gregory's child support obligation to $650 per month for the remaining child. At that time, Gregory was still employed with Zoeller and Tricia continued to work at Baptist Health.

---

[1] The parties had three children during the marriage. The oldest child was emancipated at the time of the divorce.

In October of 2018, Tricia filed a motion for contempt related to Gregory's failure to timely pay the youngest child's private school tuition. In approximately January 2019, Gregory left employment at Zoeller and began employment at Delaco Kasle Processing (Delaco). The move resulted in his hourly compensation being reduced by approximately $4.50 per hour. Although the issue of child support was not directly addressed, the family court held by order entered January 22, 2019, that Gregory earned $72,000 in 2018, and that his inability to pay the tuition was not credible.[2] The order was not appealed.

Thereafter, the parties continued to file various contentious motions regarding parenting time, contempt, and again regarding tuition and school expenses. The family court ordered the parties to mediation numerous times and most of the issues were resolved. However, on May 29, 2020, Gregory filed a motion to modify child support, specifically seeking a reduction in the amount he was required to pay on behalf of the parties' youngest child. Attached to the motion were Gregory's three most recent paycheck stubs which showed that he had again changed employment to TT Repair. There, Gregory was working forty hours per week and made $25 per hour. There was no overtime indicated on the paycheck stubs. He also attached his 2019 W-2s, which showed he earned

---

[2] The family court also found, at the time, that Gregory S. L'Heureux had recently sold his home for a profit and had purchased a condominium for $205,000.

$82,458.50 from Delaco and $6,451.66 from Zoeller in 2019. The record before this Court indicates that Gregory left TT Repair shortly after filing his motion to reduce child support in 2020 and began working at Mission Tools. The matter was briefly heard by the family court on June 29, 2020. No testimony was taken and the parties agreed to submit their relevant financial information and, at that point, the family court took the matter under submission.

The family court used Tricia's 2019 income tax returns, recent paycheck stubs, and W-2s to determine her income, but also included an IRA distribution she had taken in 2019. Tricia's income in 2019 was determined to be $56,103. The family court found Gregory's 2019 income was $88,911 based on his 2019 income tax returns and W-2s. The family court did not utilize Gregory's most recent pay check stubs because the court found that his 2019 income tax returns more accurately reflected his earning capacity. Incident thereto, the family court also found that Gregory was voluntarily underemployed, having voluntarily quit at least two jobs since January 2019. Rather than reduce Gregory's child support, the family court found that, according to its new calculations, Gregory should be paying $785 per month in child support and that was a substantial change from the $650 per month he was currently paying.[3] Gregory was then

---

[3] Presumably, this ruling was premised upon Kentucky Revised Statutes (KRS) 403.213(2). Subsequently, the amount was determined based on the guidelines set out in KRS 403.212.

ordered to pay $785 per month, effective May 29, 2020 (*i.e.*, the date he filed his motion), plus an additional $65 per month to cover the arrearage owed from the effective date of the change in support obligation.

Gregory subsequently filed a motion to alter, amend, or vacate the order. By order entered February 23, 2021, the family court modified its earlier decision by granting Gregory's motion for the parties' extraordinary medical expenses to be split 50/50 as set out in the PSA but denied all other issues raised in the motion. This appeal followed.

<u>STANDARD OF REVIEW</u>

The issues raised on appeal by Gregory look to a post-decree modification of a child support order. Motions seeking such modification filed post-decree customarily necessitate an evidentiary hearing. *Anderson v. Johnson*, 350 S.W.3d 453, 456-57 (Ky. 2011).[4] By agreed order entered July 22, 2020, the parties were to contact the court to schedule a hearing thereon. Each party had previously attached their various income documentation in earlier filings with the

---

[4] In *Anderson v. Johnson*, 350 S.W.3d 453, 456-57 (Ky. 2011), the Court noted:

> Consequently, though named a "motion," a motion for modification is actually a vehicle for the reopening and rehearing on some part of a final order, which asks for adjudication on the merits presented at a required hearing. As such, family courts must make findings of fact and conclusions of law, and must enter the appropriate order of judgment when hearing modification motions.

-5-

court. Gregory failed to request an evidentiary hearing and by notice of submission (AOC Form 280) filed on October 29, 2020, Gregory sought final adjudication of his child support motion, effectively waiving any right to an evidentiary hearing.[5]

Accordingly, had the court conducted a hearing, our review would have been guided by Kentucky Rules of Civil Procedure 52.01 in reviewing whether the court's findings of fact were clearly erroneous. If the court's findings were supported by substantial evidence and the correct law was applied, we would only reverse upon a showing of abuse of discretion. *See Coffman v. Rankin*, 260 S.W.3d 767, 770 (Ky. 2008).

In this case, there is no issue regarding the application of law. Child support may be modified in Kentucky upon a showing of a material change in circumstances that is substantial and continuing. KRS 403.213(1). Thus, with the exception of the underemployment issue, we will review the court's rulings below for an abuse of discretion. *Holland v. Holland*, 290 S.W.3d 671, 674 (Ky. App. 2009). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Sexton*

---

[5] Gregory's original counsel was called up for active military duty after filing the motion and substitute counsel entered his appearance on October 26, 2020. Said counsel then filed the submission notice on October 29, 2020.

*v. Sexton*, 125 S.W.3d 258, 272 (Ky. 2004). As concerns the voluntary underemployment issue raised by Gregory, we are guided by the following:

> "[W]hether a child support obligor is voluntarily underemployed [or unemployed] is a factual question for the [family] court to resolve." *Gossett v. Gossett,* 32 S.W.3d 109, 111 (Ky. App. 2000). Accordingly, we must defer to the family court's factual findings unless they are clearly erroneous – that is, not supported by substantial evidence. [Kentucky Rules of Civil Procedure] CR 52.01.

*Shafizadeh v. Shafizadeh*, 444 S.W.3d 437, 448 (Ky. App. 2012).

ANALYSIS

On appeal, Gregory argues the family court erred by (1) finding he was voluntarily underemployed; (2) not imputing income to Tricia; (3) making the modification of child support retroactive to the date he filed his motion; and (4) not changing the proportional share of work-related childcare expenses.

Turning to Gregory's first argument, we note that Kentucky Revised Statute (KRS) 403.212(2)(e) provides, in relevant part,

> 1. If there is a finding that a parent is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of potential income, except that a finding of voluntary unemployment or underemployment and a determination of potential income shall not be made for a parent who is incarcerated, physically or mentally incapacitated, or is caring for a very young child, age three (3) or younger, for whom the parents owe a joint legal responsibility;

2. A court may find a parent is voluntarily unemployed or underemployed without finding that the parent intended to avoid or reduce the child support obligation[.]

Gregory, in his briefs to this Court, lists many reasons why he went from working at Zoeller making over $30 per hour with extensive overtime, to various jobs making at least $4.50 less per hour with no overtime. He cites wanting to spend more time with the parties' minor child, but we note that the record shows that his first motion for equal parenting time was filed in July 2018.[6] Gregory was still working at Zoeller at that time and did not switch to Delaco until January 2019, demonstrating that he sought equal parenting time while he still worked overtime. He also argues that he left Delaco due to extreme overtime and that the family court failed to consider his health or the rigors of the job. However, no testimony or evidence was offered regarding any of the reasons Gregory now argues to this Court. As previously noted, the parties agreed to submit their respective financial information to the family court for the court to consider in making its decision. Gregory did not request a more extensive hearing.

In *Keplinger v. Keplinger*, 839 S.W.2d 566 (Ky. App. 1992), this Court stated:

KRS 403.212(2)(a) must be read as creating a presumption that future income will be on a par with the worker's most recent experience. The party who wants the trial court to use a different income level in applying the child support guidelines bears the burden of

---

[6] As of the date of filing of this appeal, no order had been entered granting Gregory equal parenting time with the parties' minor child.

-8-

presenting evidence which would support the requested finding.

*Id*. at 569 (footnote omitted). Gregory failed to present evidence to persuade the family court to consider anything other than his 2019 tax returns as evidence of his income. His motion to modify child support was not verified nor accompanied by an affidavit.[7] Although he included paycheck stubs from TT Repair, Gregory had once again changed jobs by the time the matter was under submission, and the record is devoid of any income information whatsoever from Mission Tools. The family court found that Gregory

> voluntarily chose to work a job calling for overtime in 2019 and enjoyed the monetary benefit of that work. [Gregory] did not deny that his decision, made shortly before the hearing, to work less and earn less income was a voluntary one. Although [Gregory] seeks equal time with the child, no order has yet granted that request. The child resides primarily with [Tricia]. [Gregory] could not credibly demonstrate that his decision to work less was the result of spending more time with the child. Quitting a good job for one with less pay, without an immediate justification, is the essence of voluntary underemployment, and the Court declines to amend its findings and conclusions imputing wages to [Gregory].

February 23, 2021, Order at 2-3, Record on appeal at 301-02.

---

[7] We note that Gregory's motion to alter, amend, or vacate the family court's order was verified.

Based on our review of the record on appeal, we conclude there was sufficient evidence to support the family court's finding that Gregory was voluntarily underemployed and thus, the finding is not clearly erroneous.

Gregory's second argument is, essentially, that there was sufficient evidence to support a finding that Tricia is voluntarily underemployed and the family court erred by failing to impute income to her. The family court found that Tricia has worked the same job and the same work schedule that she did during the marriage. Her 2019 income tax returns and paycheck stubs reflect this. We agree with the family court that Gregory failed to present any evidence that additional work hours are available for Tricia to work or that she refused to work any additional hours. Accordingly, there was no error on the part of the family court in not imputing income to Tricia.

For his third argument, Gregory concedes that the effective date of any modification of child support is within the sound discretion of the family court (*Giacalone v. Giacalone*, 876 S.W.2d 616, 620 (Ky. App. 1994)), yet he contends the family court abused its discretion in ordering his increased child support payments retroactive to the date he filed the motion. He argues there was "no overwhelming reason" to make the increase retroactive and that neither party requested it. KRS 403.213(1) states:

> The Kentucky child support guidelines may be used by the parent, custodian, or agency substantially

contributing to the support of the child as the basis for periodic updates of child support obligations and for modification of child support orders for health care. The provisions of any decree respecting child support may be modified only as to installments accruing subsequent to the filing of the motion for modification and only upon a showing of a material change in circumstances that is substantial and continuing.

We again point out that Gregory agreed the matter was ready for submission once the family court received each of the parties' financial documents. If Gregory wished to submit evidence or arguments found outside of those documents, including why he believed any modification should not be retroactive to the date he filed the motion, he could have requested a full hearing. He did not. The family court acted within its discretion when it made the date of modification effective upon the date Gregory filed his motion, and we find no abuse thereof.

Gregory's final one-sentence argument is tied to his first two arguments in that he believes his proportion of work-related childcare expenses assigned by the family court is erroneous based on the improper calculation of the parties' respective income. Because we have held there was no error by the family court regarding the determination of child support based upon the parties' respective income, this issue is moot and the family court committed no error thereon.

For the foregoing reasons, the orders of the Jefferson Circuit Court, Family Court Division, are affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

M. Thomas Underwood
Louisville, Kentucky

BRIEF FOR APPELLEE:

Katherine A. Ford
Louisville, Kentucky