RENDERED: FEBRUARY 10, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0044-MR

JOHN L. COVERT, II                                         APPELLANT

v.                       APPEAL FROM OLDHAM FAMILY COURT
HONORABLE DOREEN S. GOODWIN, JUDGE
ACTION NO. 13-CI-00177

SARAH K. DRAKE                                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: EASTON, JONES, AND LAMBERT, JUDGES.

EASTON, JUDGE: The Appellant seeks relief from the Oldham Family Court's order, entered on March 5, 2021, which reduced his child support and required him to pay 50% of his adult son's college expenses. Finding no error, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

        The parties, Appellant John L. Covert, II ("Jay") and Appellee Sarah K. Drake ("Sarah") were married in 1996 in North Carolina. They had two

children.  In 2004, Jay and Sarah and the children were living in Massachusetts when Jay and Sarah divorced.  In their written Settlement Agreement ("SA"), Jay and Sarah resolved the issues of property division, child custody, parenting time, and child support.  The relevant portions of the SA require Jay to pay Sarah child support until such time as the children are emancipated under Massachusetts law.

The SA includes language based on Massachusetts law explaining emancipation is "deemed to take place upon the first of the following events to occur:  (a) Graduation from high school and obtaining 18 years of age (but only if the child is not enrolled in an institution of higher learning following high school); (b) Graduation from a four (4) year institution of higher education[.]"  An additional provision in the SA states:  "College contribution **shall** be determined if and when the children apply to college."  (Emphasis added.)  The SA was entered into in Massachusetts, became part of the decree in that case, and specifically stated it shall be interpreted under Massachusetts law.

The parties eventually and separately relocated to Kentucky.  In 2019, Jay filed a motion for the family court to determine if his child support obligation should continue for the parties' adult children.  The family court ordered mediation regarding the issue of child support, and on September 18, 2019, an agreed order was entered in which the "child support amount established by prior order shall remain unchanged."

When the agreed order was entered, the oldest child had been emancipated under Massachusetts (and Kentucky) law, having graduated from high school and discontinuing his college education. The youngest child ("Jack") was close to completion of his senior year of high school. The agreed order reserved the issue of support for Jack: "Jack's emancipation, should it become a question after today's date, shall be determined by Massachusetts Law and the parties' Settlement Agreement."

In March 2020, Jay filed a motion to reduce his child support based on a change in circumstances. Jay argued his income had been drastically reduced since the September 2019 agreed order. Some of the reduction may have resulted from the economic impacts (hopefully temporary) of the COVID-19 pandemic. In response to this move, Sarah asked the court to order Jay to pay 50% of Jack's college expenses, citing their SA and Massachusetts law. Sarah had contributed to Jack's college expense without contribution (separate from child support) from Jay for Jack's first year of college. Jay then maneuvered to seek a termination of his child support obligation, arguing he should not be obligated to continue paying child support for Jack. At the time of these later motions and the hearings on them, Jack was over eighteen years old. Jay also argued Kentucky law should apply to the continuation of child support, despite the SA and the subsequent agreed order.

Two hearings were held on this matter, on June 23, 2020, and July 22, 2020. The family court held Massachusetts law governed Jack's emancipation date and thus the duration of the child support obligation, while Kentucky law controlled the amount of child support to be paid.

The family court concluded the SA and applicable Massachusetts law applied to the SA directed the parties each to contribute to Jack's college education. The family court ruled the following language in the SA: "College contribution shall be determined if and when the children apply to college[,]" evidenced an agreement of the parties to contribute to their children's college education.

Massachusetts law outlines several factors to consider when ordering payment of college tuition: a) the cost of the post-secondary education; b) the child's aptitudes; c) the child's living situation; d) the availability of resources of each parent and child; e) the availability of financial aid; and f) any other relevant factors. Massachusetts Revised Child Support Guidelines ("MA R CSG") II(G)(2). The family court heard the testimony, considered the evidence, and determined the factors weighed in favor of the parties contributing to Jack's college education. Jay and Sarah were each ordered to pay 50% of Jack's college expenses, after reduction for any financial aid or scholarships.

The family court found Jack was not yet emancipated under Massachusetts law and the parties' SA, because he was still enrolled in college. As a result, Jay was still obligated to pay child support to Sarah. The parties disagreed as to the amount of Jay's annual income, but the family court found Jay's gross monthly income to be $9,150.00 per month. Sarah had previously been imputed partial ability to work at $628.00 per month, despite the fact she did not work due to a medical disability. The family court's determinations of income are supported by the evidence presented.

Based upon the combined income of the parties ($9,778.00), the child support from the Kentucky guidelines is $996.00. Jay's share is 94%, or $936.24. Because this is greater than a 15% change from the previous ordered amount of $1,248.00 per month, the family court reduced Jay's child support obligation to $996.00 per month. The family court further reduced Jay's child support obligation by 25%, as allowed by Massachusetts law (MA R CSG II(F)), which provides child support is reduced by 25% when paid for a child over the age of 18. This reduction recognizes Jay was required to pay child support because Jack was in college with Jay also contributing to the college expense. After the 25% reduction, the family court ordered Jay's child support obligation was to be $702.00 per month. Jay subsequently filed a motion to alter, amend, or vacate, which was denied by the family court. This appeal followed.

## STANDARD OF REVIEW

Appellate review of a child support award is governed by the abuse of discretion standard. *Holland v. Holland*, 290 S.W.3d 671, 674 (Ky. App. 2009). "The test for an abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound reasonable principles." *Penner v. Penner*, 411 S.W.3d 775, 779-80 (Ky. App. 2013) (citation omitted). Appellate review of a trial court's factual findings is governed by the clearly erroneous standard; factual determinations supported by substantial evidence will not be disturbed. *Truman v. Lillard*, 404 S.W.3d 863, 868 (Ky. App. 2012). In evaluating abuse of discretion, this Court reviews legal conclusions applied by the trial court *de novo*. *Ehret v. Ehret*, 601 S.W.3d 508, 511 (Ky. App. 2020).

## ANALYSIS

Jay argues the family court erred in reducing, rather than terminating his child support obligation, although reduction is what he initially sought. Jay also claims error in ordering him to contribute to Jack's college expenses.

The family court acted correctly when it applied Massachusetts law to the question of Jack's emancipation. "[J]urisdiction to act in regard to a support order of another state is governed by the Uniform Interstate Family Support Act (UIFSA)." *Adams-Smyrichinsky v. Smyrichinsky*, 467 S.W.3d 767, 774-75 (Ky. 2015). "Kentucky's version of UIFSA has *always* provided that '[a] tribunal of

-6-

this state may not modify any aspect of a child support order that may not be modified under the law of the issuing state.' KRS 407.5611(3)." *Id.* at 778.

"Kentucky's UIFSA choice-of-law provisions make it clear that **duration** of support is a matter of law of the issuing state because that is a non-modifiable aspect of the issuing state's order. Thus, it has long been clear that a subsequent court that obtains continuing and exclusive jurisdiction to modify the amount of support, may not modify the duration of payment of support." *Id.* at 779 (emphasis added). Under Massachusetts law, Jack has not been emancipated, because he is enrolled in college, and therefore the continuing child support obligation ordered by the family court was not erroneous.

Unlike the legal question of duration of child support, it is logical for questions about the amount of child support to be determined by the current state of residence of the parties. In part, this acknowledges economic realities may differ between states such as Kentucky and Massachusetts. The family court here did not inconsistently apply the law of the two states. Recognizing Jay was being required to contribute to college expenses because of Massachusetts law while Kentucky law would not require contribution at all for college expenses, the family court adjusted the child support down as allowed under Massachusetts law. The family court did not have to do so. In doing so, the family court acted equitably to reach an appropriate amount for the child support. This was not an abuse of

discretion by the family court when evaluating the amount of the child support reduction.

The question of whether Jay is obligated to contribute to Jack's college expenses is also to be decided under Massachusetts law per the parties' SA. Massachusetts law allows, but does not require, parents contribute to their adult children's college educations. It is within a judge's discretion to make an order relating to the payment of college expenses, even if the parties had not previously agreed to contribute to them. *Rosen v. Rosen*, 63 N.E.3d 394, 409 (Mass. 2016).

In this case, the SA contains the mandatory "shall" when providing the parents (or a court if they cannot agree) will determine the obligation for college education expenses when the day for such expenses comes. This is not an uncertain "agreement to agree" in the future. When ongoing child support is a factor, the amount for college support will depend upon factors not yet known when Jay and Sarah divorced and wrote the SA. The family court here heard the testimony and reviewed the evidence provided by the parties and determined Jay and Sarah should each be required to pay 50% of Jack's college expenses, after any application of financial aid or scholarships. In doing so, the family court considered those factors set forth in Massachusetts law when assessing the amount of college expense contribution as clearly indicated by the family court's written orders.

## CONCLUSION

The family court committed no error of law and acted within its discretion. For the foregoing reasons, the order of the Oldham Family Court entered on March 5, 2021 and to extent clarified in the order entered on December 29, 2021 is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Allison S. Russell
Shanna R. Ballinger
Louisville, Kentucky

BRIEF FOR APPELLEE:

J. Gregory Troutman
Louisville, Kentucky

Julie Johnson
Louisville, Kentucky