RENDERED: FEBRUARY 7, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1238-MR

ANDREW WILLIAMS                                                    APPELLANT

v.

APPEAL FROM KENTON CIRCUIT COURT
HONORABLE THOMAS A. RAUF, JUDGE
ACTION NO. 09-CI-00591

CHARLENE M. NOEL-LANG                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, L. JONES, AND McNEILL, JUDGES.

JONES, L., JUDGE: Andrew Williams ("Father") appeals from an order of the

Kenton Circuit Court pertaining to his children with Charlene M. Noel-Lang

("Mother"). Although the order addressed numerous issues, including child

custody, visitation, and child support, Father appeals only the portions related to

child support. After careful review, we affirm.

## Factual and Procedural Background

Father and Mother were never married but have two children together. The older child is aged fourteen years and the younger is nine years. The parties entered into a custody, visitation, and child support agreement for the older child wherein Father agreed to pay $1,000.00 per month in support. Father and Mother most recently returned to court because Father filed a motion for sole custody of the older child and Mother filed a motion to establish child support and visitation with the younger child, and to enforce Father's child support obligation for the older child.

Father was less than forthcoming with his financial information in his responses to Mother's interrogatories and requests for production of documents. The circuit court entered an order on July 6, 2023, that stated if Father did not provide income documentation to Mother, the court would impute his income at $150,000.00 per year as a discovery sanction pursuant to Kentucky Rule of Civil Procedure ("CR") 37 based on his gross income from his 2022 tax returns.[1] Father failed to provide any income information to Mother.

---

[1] Testimony at trial indicated that, although Father's gross income may have been around $150,000.00 in 2022, Father was self-employed, and his net income may have been around $30,000.00. However, Father's 2022 tax return was not entered into evidence, and it is unclear from the record before us if it was actually filed with the Internal Revenue Service.

The circuit court denied Father's motion for sole custody of the older child and awarded joint custody of the children. Father's visitation schedule with both children was ordered to take place every other weekend and every Wednesday evening. The circuit court imputed Father's income at $150,000.00 per year and ordered him to pay $1,613.00 per month in child support for the younger child. In addition, the circuit court found Father was in contempt for failure to pay child support for the older child as ordered and his arrearage was $93,891.60. Mother submitted evidence that Father owns a home in Villa Hills valued at approximately $634,000.00 with no associated debt. Father did not dispute the value of the home. The circuit court found Father was capable of paying his arrearage in whole as a purge and ordered him to do so within 180 days. If Father failed to pay within 180 days, he was ordered to serve 45 days incarceration with 30 days conditionally discharged, provided he remained current on his child support obligation for the older child.

Father filed a motion to reconsider, in which he argued the circuit court's determination that his income was $150,000.00 per year was not accurate. He also argued he was unable to refinance his home to obtain funds to pay his arrearage in a lump sum due to a tax lien on the home. The circuit court entered an order denying Father's motion. This appeal followed. Further facts will be developed as necessary.

## Standard of Review

"A trial court has broad discretion in addressing a violation of its order[s] regarding discovery[.]" *Turner v. Andrew*, 413 S.W.3d 272, 279 (Ky. 2013) (internal quotation marks and citation omitted). We review a circuit court's grant or denial of discovery sanctions for abuse of discretion. *Rumpel v. Rumpel*, 438 S.W.3d 354, 361 (Ky. 2014) (citation omitted). Further, our review of an award of child support is also governed by the abuse of discretion standard. *Holland v. Holland*, 290 S.W.3d 671, 674 (Ky. App. 2009).

## Analysis

Father makes two arguments on appeal. He contends the circuit court erred by (1) imputing his income at $150,000.00 per year "despite proof of income and by not applying the shared parenting credit pursuant to KRS [Kentucky Revised Statutes] 403.2121"; and (2) imposing an unreasonable conditional jail sentence because he cannot pay his arrearage in a lump sum as ordered. We disagree.

Turning to Father's first argument, we note that imputation of $150,000.00 per year income was done as a discovery sanction pursuant to CR 37.02(2)(a) which provides,

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30.02(6) or 31.01(2) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order

made under Rule 37.01 or Rule 35, the court in which the
action is pending may make such orders in regard to the
failure as are just, and among others the following:

(a) An order that the matters regarding
which the order was made or any other
designated facts shall be taken to be
established for the purposes of the action in
accordance with the claim of the party
obtaining the order[.]

Father's arguments completely miss the mark. He fails to make any arguments whatsoever regarding the circuit court's application of CR 37.02(2)(a) to impose a sanction for his ongoing failure to cooperate with Mother's discovery requests and failure to follow court orders directing him to provide income documentation to Mother. Rather, he argues that he did, in fact, provide proof of income. This "proof of income" came in the form of bank statements that Father filed with the circuit court *after* the final hearing took place. Therefore, the bank statements were not subject to cross-examination by Mother and were never entered into evidence.

In determining whether a discovery sanction is appropriate, the court may consider the following factors: (1) whether the noncompliance was willful or in bad faith; (2) whether the other party was prejudiced by the noncompliance; (3) whether the disobedient party was warned that failing to cooperate could lead to dismissal; (4) whether less drastic sanctions were imposed or considered; and (5) whether the sanctions imposed bear a reasonable relationship to the seriousness of

the noncompliance. *R.T. Vanderbilt Co., Inc. v. Franklin*, 290 S.W.3d 654, 662 (Ky. App. 2009).

Father's ongoing failure to cooperate with Mother's discovery requests and court orders was clearly willful and in bad faith. He had months to provide income documentation and failed to do so. At the final hearing, he stated that he could provide bank statements "tomorrow." His 2022 tax return that was referenced at the hearing was never entered into evidence. Mother was obviously prejudiced by Father's failure to cooperate because she could not prepare an argument or defense to Father's income for the purpose of establishing child support for the younger child. We note that Father never objected to Mother's request for his income information. Mother was also unable to cross-examine Father about bank statements he filed after the final hearing. Father was provided verbal warnings and a written order that indicated his failure to provide his income information would result in the circuit court imputing him at $150,000.00 per year, yet he still failed to cooperate. Finally, the imposed sanction does bear a reasonable relationship to Father's noncompliance. Father is entirely self-employed. Evidence at trial showed he owns an interior design company, does boxing promotions, and had cleaning contracts with various schools in Cincinnati, Ohio. Although Father argued his only source of income at the time of the final hearing was through his interior design company, his testimony that he earned only

$30,000.00 per year was found not credible by the circuit court. Father lives in a large home with no mortgage and owns several luxury vehicles. Determination of income for a self-employed parent for the purpose of child support can be complex. *See* KRS 403.212(3)(c). When a self-employed parent fails to provide any income information whatsoever, the task can become nearly impossible. The circuit court did not abuse its discretion in sanctioning Father for his repeated failure to provide income information to Mother in discovery.

Father's argument that he is entitled to the shared parenting credit pursuant to KRS 403.2121[2] was never presented to the circuit court. It is well-settled law that "a party may not raise an issue for the first time on appeal." *Taylor v. Kentucky Unemployment Ins. Comm'n*, 382 S.W.3d 826, 835 (Ky. 2012) (citations omitted). Although we decline to address the merits of this aspect of Father's argument, we note that the circuit court found that Father spent little, if any, time with the younger child. In fact, the court found it "troubling" that Father consistently refused to take the younger child for visitation when he picked up the older child. The circuit court also found that Father failed to fully exercise his court-ordered visitation with the older child.[3]

---

[2] Although KRS 403.2121 was in effect at the time of the final hearing, it was repealed and replaced by KRS 403.2122 in 2024.

[3] Notably, Father testified that he was paying child support on other children, which may have entitled him to a credit, but he failed to present evidence of any other child support obligation.

Father's next argument is that the circuit court's imposition of a conditional jail sentence is unreasonable because he cannot pay his child support arrearage for the older child in a lump sum as ordered. He asserts this is because there is a tax lien on his home which prevents refinancing. At the final hearing, Mother entered into evidence a civil complaint filed on March 22, 2023, by the United States of America in the United States District Court for the Eastern District of Kentucky (Covington) against Father for unpaid federal taxes in the amount of $892,577.55.[4] The government sought a lien against Father's home to secure the amount owed. However, Father never submitted proof of the existence of a lien and it is unknown if it existed at the time of the final hearing. In his motion to reconsider, filed in the circuit court, he simply stated there is a tax lien on the home, but did not clarify if said lien is related to the aforementioned federal action and provided no documentation. In his brief to this Court, Father asserts that the circuit court erred, in part, because "there was no evidence or testimony taken as to [the existence of any liens] on [Father's] home."[5] This argument is baffling as it was Father's burden to prove the existence of a lien that would impact the value of his home and any ability to refinance it. Father failed to present any evidence whatsoever to support his assertion that he does not possess the ability to pay his

---

[4] *United States v. Williams*, No. 2:23-cv-00038-DCR (E. D. Ky. Mar. 22, 2023), ECF No. 1.

[5] *See* page 6 of Appellant's brief.

child support arrearage as ordered. Moreover, the record before us shows that Father has never attempted to alter or reduce his child support obligation of $1,000.00 per month for the older child.

Finally, the circuit court found that Father was held in contempt on at least three prior occasions for his failure to pay child support as ordered for the older child. "The power to punish for contempt is an essential and inherent attribute of judicial authority." *Dunagan v. Commonwealth*, 31 S.W.3d 928, 929 (Ky. 2000) (citation omitted). The family court found that Father's ongoing nonpayment of child support was both intentional and egregious, and this is supported by the record before us. Accordingly, the circuit court did not abuse its discretion in sentencing Father to 45 days' incarceration if he fails to pay his arrearage within 180 days as a punishment for contempt.

## Conclusion

For the foregoing reasons, the judgment of the Kenton Circuit Court is affirmed.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Darrell A. Cox<br>Covington, Kentucky | Jessica L. Beauchamp<br>Cincinnati, Ohio |