Millard Keith TILLEY, Appellant,

v.

Leona Gooslin TILLEY, Appellee.

No. 95–CA–1849–MR.

Court of Appeals of Kentucky.

June 27, 1997.

John J. Davis, Kelsey E. Friend Law Firm, Pikeville, for appellant.

Lawrence R. Webster, Pikeville, for appellee.

Before GARDNER, GUDGEL and GUIDUGLI, JJ.

## OPINION

GUIDUGLI, Judge.

Millard Keith Tilley (Millard) appeals from an order entered by the Pike Circuit Court on June 7, 1995, increasing his child support obligation. We affirm.

Leona Gooslin Tilley (Leona) filed a petition for dissolution of marriage on June 27, 1991. On the same date, Leona and Millard entered into a property settlement agreement (the agreement) prepared by Leona's attorney. Pursuant to the terms of the agreement, Millard received all of the marital property and assumed responsibility for all of the marital debts, and Leona received a five-year-old car. Child support was set at $250 per month, and the agreement specifically stated:

> The Wife understands that the amount of child support to be paid to the Wife is less than the basic child support obligation mandated pursuant to Kentucky's Child Support Guidelines and in spite of said knowledge, the Wife agrees to accept said child support contribution from the Husband.

On August 21, 1991, Leona obtained a new attorney and sought to set aside the agreement on the grounds of undue influence.[1] Following a hearing, the Commissioner ruled that the agreement had not been obtained by fraud or duress and that it was fair and reasonable to both parties. Leona filed exceptions to the Commissioner's report, alleging that the agreement was unconscionable, that Leona was operating under a grave mistake when she signed the agreement, and that she was under duress from Millard when the agreement was signed. On February 16, 1992, the trial court entered its findings of fact, conclusions of law, and supplemental decree adopting the recommendations of the Commissioner and upholding the agreement. On January 14, 1993, Leona appealed from the decision of the trial court. However, no further action was taken and on September 8, 1993, a modified separation agreement was entered into by the parties which permitted Leona to remain in the marital residence and adopted the balance of the original agreement. However, the modified agreement did not change the amount of Millard's child support obligation. The parties filed a joint motion to dismiss the appeal on September 10, 1993, stating that the modified agreement had resolved their differences. Leona's appeal was dismissed by this Court on January 6, 1994.

On March 4, 1995, Leona filed a motion to increase child support, alleging that the $250 per month currently paid by Millard pursuant to the agreement was "grossly under the amount provided for by the child support chart[.]" Following a hearing, the trial court found that Millard's gross monthly income was $5,560 and that Leona's gross monthly income was $845, and that based on those amounts, Millard's monthly child support obligation under the child support guidelines provided by Kentucky Revised Statutes (KRS) 403.212 (the guidelines) would be $702.96. The trial court held that because there was a discrepancy between the amount of child support agreed to by the parties and the amount set forth under the guidelines, Leona was entitled to an increase in child support to $702 per month.[2] The trial court further held that it was not required to take the parties' agreement into consideration in deciding that Leona was entitled to an increase in child support. This appeal followed.

Millard argues that the trial court erred in ignoring the terms of the agreement in ruling that Leona was entitled to an increase in child support to bring the amount of child support payments in accordance with the guidelines. Millard further contends that:

> The Court should establish a base level of child support payable by the appellant based upon the respective incomes of the parties in 1991, the year of the entry of the separation agreement herein. Thereafter, (effective after December 16, 1992) the

---

1. Leona did not challenge any particular portion of the agreement, but only contended that she was under duress by Millard to sign the agreement.

2. Millard later filed a motion to recalculate child support due to an error in his average monthly wage. The trial court granted Millard's motion and reduced his child support obligation to $548 per month.

Court ought [sic] rule that all future child support payable by the appellant would remain at the contract level ($250.00/month), so long as the calculated child support payable by him from the child support guidelines at that time remains between the minimum child support of $60.00 per month and the 1991 base child support level. Only when the subsequent calculated child support exceeds the base level support should the Court provide for an increase in child support, and the increase should be limited to the difference between the calculated child support and the base level of support. This would indicate a "material change in circumstances" required for modification of support under KRS 403.213(1).

We disagree.

■ KRS 403.180(1) provides that parties may enter into a written separation agreement which contains provisions concerning maintenance, division of property, and the custody, support, and visitation of minor children. KRS 403.180(2) provides that with the exception of those terms providing for custody, support, and visitation, the terms of the separation agreement are binding on the court. Furthermore, KRS 403.180(6) provides that the agreement may expressly preclude or limit the modification of the terms of the separation agreement, except for those terms pertaining to child custody, support, or visitation. Thus, the statute makes it clear that while the parties are free to enter into a separation agreement to promote settlement of the divorce, the court still retains control over child custody, support, and visitation and is not bound by the parties' agreement in those areas.

KRS 403.213(1) provides that a party is entitled to modification of an award of child support upon a showing of "a material change in circumstances that is substantial and continuing." The statute further provides:

Application of the Kentucky child support guidelines to the circumstances of the parties at the time of the filing of a motion or petition for modification of the child support order which results in equal to or greater than a fifteen percent (15%) change in the amount of support due per month shall be rebuttably presumed to be a material change in circumstances.

KRS 403.213(2). Thus, a party who is able to show a 15% discrepancy between the amount of support being paid at the time the motion is filed and the amount due pursuant to the guidelines is entitled to a rebuttable presumption that a material change in circumstances has occurred.

■ In *Wiegand v. Wiegand*, Ky.App. 862 S.W.2d 336 (1993), this Court held that under KRS 403.211, KRS 403.213 provides a rebuttable presumption which is applicable to *all* proceedings to modify child support. *Wiegand*, 862 S.W.2d at 337. Furthermore, the Court held that the fact that neither party's income had changed since the original award of child support did not preclude application of KRS 403, stating, "in a situation such as the one here, where there was at least a 15% discrepancy between the guidelines and the non-custodial parent's existing child support obligation, the existence of this fact standing alone creates a rebuttable presumption that there is a material change in circumstances pursuant to KRS 403.213(2)." The same decision was reached by this Court in *Giacalone v. Giacalone*, Ky.App., 876 S.W.2d 616 (1994), where this Court held that once an award of child support entered pursuant to the terms of a separation agreement under KRS 403.180 is reopened for modification, "the child support must be set anew pursuant to KRS 403.210 *et seq.*" *Giacalone*, 876 S.W.2d at 620. Furthermore, in reaching its decision, the trial court is to consider both the changes in finances of both parents as well as the needs of the child. *Id.* Thus, it was proper for the trial court to disregard the prior agreement of the parties as to the amount of child support payable by Millard in deciding to raise the amount.

■ Millard argues that *Wiegand* and *Giacalone* are distinguishable because both cases involved divorce proceedings commenced prior to the adoption of the guidelines and further because neither case involved a separation agreement where the spouse acknowledged that the child support payable under the terms of the agreement was less than that authorized by the child

support guidelines pursuant to KRS 403.211(3). We disagree with Millard and hold that the reasoning of the trial court in *Wiegand* and *Giacalone* is controlling. KRS 403.213 applies to "any" action to modify an award of child support. If the legislature intended an exception for an agreement entered into by the parties pursuant to KRS 403.211(3), it could have added one to the statute. Where there are no exceptions provided by the legislature, it is presumed that none were intended. *Rhodes v. Rhodes,* Ky. App., 764 S.W.2d 641, 643–644 (1988). Finally, KRS 403.211 was already in effect on the day 403.213 became effective, and the legislature is presumed to be aware of existing law when it enacts a statute. *Commonwealth Dept. of Banking & Securities v. Brown,* Ky., 605 S.W.2d 497, 498 (1980).

Having considered the parties' arguments on appeal, the decision of the Pike Circuit Court is affirmed.

GARDNER, J., concurs.

GUDGEL, J., concurs in result only.