RENDERED: NOVEMBER 18, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0576-MR

MORGAN RAE PETTY                             APPELLANT

v.             APPEAL FROM GRAYSON CIRCUIT COURT
HONORABLE BRUCE T. BUTLER, JUDGE
ACTION NO. 15-CI-00277

BENJAMIN DAVID ADKINS                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, LAMBERT, AND MAZE, JUDGES.

MAZE, JUDGE: Morgan Petty (Morgan) appeals from an order of the Grayson

Circuit Court requiring her to pay child support to Appellee Benjamin Adkins

(Benjamin).

## BACKGROUND

Morgan and Benjamin are the parents of one child, C.A., born in

October 2013. The couple separated in 2015 and since that time have been litigating various issues relating to C.A.'s care and custody in the Grayson Circuit Court. Although they initially operated under an equal parenting arrangement with no child support awarded to either party, the court entered an order on March 11, 2020, modifying the parties' parenting time.[1] As a result, Benjamin contacted the child support division of the Grayson County Attorney's office (county attorney) to pursue a support award.

The county attorney filed a motion to establish child support obligations, which was heard before the Domestic Relations Commissioner (DRC). The DRC found that Benjamin's waiver of support had been made prior to the court's ruling placing primary possession of the child with him. The DRC found that Morgan was voluntarily underemployed, having resigned from her job two weeks before the commissioner's hearing. The DRC also signified her approval of the order tendered by the county attorney, requiring Morgan to pay the sum of $1,199.37 in monthly child support.

Morgan filed exceptions to the DRC's report. However, she failed to serve the county attorney. The county attorney moved the court to confirm the

---

[1] That order was affirmed on July 15, 2022, by another Panel of this Court in No. 2020-CA-0512-MR.

DRC's report. Both matters were heard on November 24, 2020, and the court issued the order that is the subject of this appeal on April 15, 2021.

First, relying on *Tilley v. Tilley*, 947 S.W.2d 63 (Ky. App. 1997), the court found that the parties' 2016 waiver of child support did not operate to prevent the court from making such an award. Second, also in accord with *Tilley*, the court held that where the application of the child support guidelines at the time of a motion for modification of support is made results in a 15% change, there is a rebuttable presumption that a material change in circumstances has occurred warranting a modification. Therefore, the court overruled Morgan's exceptions in this regard. The court also rejected Morgan's argument pursuant to KRS[2] 205.715 that Benjamin had assigned his right to collect support to the state. Finally, the court overruled the exception in which she claimed that the DRC failed to consider her change in employment and income on the grounds that the DRC did, in fact, take into consideration "credible evidence" as to her wages and employment.

On appeal, Morgan argues that the court abused its discretion in finding that there had been a material change of circumstances warranting an award of child support to Benjamin. She also asserts that the trial court abused its discretion when it imputed income to her in arriving at the amount of the child

---

[2] Kentucky Revised Statutes.

support award.  Finally, she contends that the court violated her right to due process by depriving her of the opportunity to be heard.

**STANDARD OF REVIEW**

Initial child support awards and any subsequent modifications are reviewed for abuse of discretion.  *Plattner v. Plattner*, 228 S.W.3d 577, 579-80 (Ky. App. 2007).  "[G]enerally, as long as the trial court gives due consideration to the parties' financial circumstances and the child's needs, and either conforms to the statutory prescriptions or adequately justifies deviating therefrom, this Court will not disturb its rulings."  *Van Meter v. Smith*, 14 S.W.3d 569, 572 (Ky. App. 2000) (citing *Bradley v. Bradley*, 473 S.W.2d 117 (Ky. 1971)).

**ANALYSIS**

**I.      Modification of Child Support:**

The child support guidelines set forth in KRS 403.212 apply to both initial awards of support (KRS 403.211) and to modifications of previous support orders (KRS 403.213).  Although it appears that the parties reached an agreement as to the care, custody, and support of their daughter in 2016, no order was entered in this regard until February 28, 2019.  At that time the DRC report filed on July 18, 2018, was confirmed.  The parties were to share joint custody with equal parenting time and no child support was awarded to either parent.  No other order bearing on the issue of support was made until the April 15, 2021, order that is the

subject of this appeal. Such award could be viewed as either an initial award or as a modification of a $0 award.

The distinction between the two is significant in that if the April 15, 2021 award is deemed to be a modification, the statute requires a showing of "a material change in circumstances that is substantial and continuing." KRS 403.213(1). A change which "results in equal to or greater than a fifteen percent (15%) change in the amount of support due per month shall be rebuttably presumed to be a material change in circumstances." KRS 403.213(2). This is the conclusion compelled by the holding of *Tilley*, *supra*, relied upon by the trial court. As Morgan has at no time made any effort to rebut the presumption, the court clearly did not abuse its discretion in finding that there was a sufficient change in circumstances to warrant a modification of a $0 award.

## II. Imputed Income:

As stated in *Lambert v. Lambert*, 475 S.W.3d 646, 653 (Ky. App. 2015), "In calculating child support obligations, income may only be imputed to parents when the parent is voluntarily unemployed or underemployed, and such a calculation is to be based upon the parent's potential income." Pursuant to KRS 403.212(2)(d),[3] such potential income is determined based upon "the obligor's or

---

[3] The version of KRS 403.212(2)(d) in effect at the time of the April 15, 2021 order has since been amended.

obligee's recent work history, occupational qualifications, and prevailing job opportunities and earnings levels in the community." The court making such an award has both "the discretion and the duty to scrutinize taxable income and to deviate from it whenever it seems to have been manipulated for the sake of avoiding or minimizing a child support obligation . . . ." *Snow v. Snow*, 24 S.W.3d 668, 672 (Ky. App. 2000).

The only evidence of income provided to the DRC was an employment contract which went into effect two weeks prior to the hearing. No pay stubs, tax documents, or other evidence of lower wages were produced. Clearly, the court could find that Morgan altered her status from that of a salaried employee to an independent contractor to avoid the payment of her child support obligation under the guidelines. This Court can find no abuse of discretion.

## III. Due Process:

Morgan has attempted to incorporate by reference other due process claims set forth in No. 2020-CA-0512-MR and recently adjudicated by another panel of this Court. She seems to argue that her due process rights have been violated by the trial court's order designating Benjamin as C.A.'s primary residential custodian, thereby reducing the amount of parenting time available to her. It appears to be her position that Benjamin did not file a motion to modify custody and therefore, she was never given the opportunity to dispute it. As her

argument herein merely parrots those presented and rejected in No. 2020-CA-0512-MR, this Court finds no basis to revisit the issue.

## CONCLUSION

Accordingly, we affirm the order of the Grayson Circuit Court entered April 15, 2021, overruling Appellant's exceptions to the Domestic Relations Commissioner's report and adopting and confirming that report, modifying the amount of child support payable to Appellee.


ALL CONCUR.


BRIEF FOR APPELLANT:

Morgan Rae Petty, *pro se*
Prospect, Kentucky

BRIEF FOR APPELLEE:

Caleb T. Bland
Elizabethtown, Kentucky