RENDERED:  SEPTEMBER 5, 2025; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0412-MR

CHAD HERL　　　　　　　　　　　　　　　　　　　　APPELLANT

v.

APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE DERWIN L. WEBB, JUDGE
ACTION NO. 22-CI-500696

HALEY HERL　　　　　　　　　　　　　　　　　　　　APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  ACREE, A. JONES, AND McNEILL, JUDGES.

JONES, A., JUDGE:  Chad Herl appeals from an order of the Jefferson Family

Court imposing on him a monthly child support obligation of $754.00, retroactive

to November 1, 2023.  He argues the family court erred by granting his ex-wife

Haley Herl's motion for child support without making the statutorily required

finding of a material change in circumstances that is substantial and continuing under KRS[1] 403.213(1).

Having reviewed the record, we conclude that the family court failed to enter the necessary findings and conclusions to support its ruling. Because the application of the child support guidelines resulted in an increase exceeding 15% over the prior amount of $0, the statutory presumption of material change under KRS 403.213(2) applies. The relevant question on remand is whether that presumption was rebutted. Accordingly, we vacate the family court's order and remand for additional proceedings.

## I. BACKGROUND

Chad and Haley were married on May 27, 2020, in Jefferson County, Kentucky. They are the parents of one child, A.M.H., born in 2017. On March 9, 2022, Haley filed a petition for dissolution of the marriage in Jefferson Family Court. Shortly thereafter, on March 14, 2022, Chad filed a verified response and counter-petition.

On April 19, 2022, the parties filed a Marital Settlement Agreement ("MSA") resolving all matters related to custody, timesharing, child support, and property division. The MSA provided that the parties would share joint legal custody of the child and established a temporary timesharing schedule with a

---

[1] Kentucky Revised Statutes.

-2-

provision for equal parenting time in the future once Chad obtained daytime employment and his own residence. The MSA also addressed the parties' respective obligations for child-related financial responsibilities. Relevant here, Section E of the MSA states:

> **Child Support**: No child support is to be set at this time. The parties agree to share equally in all daycare expenses incurred for the minor child. Each party will be responsible for timely payment of the same—neither party will finance the other party's obligations.

(Record ("R.") at 61.) The agreement also required Chad to provide health, dental, and vision insurance for the child through his employer and obligated both parties to equally divide uncovered medical, educational, and extracurricular expenses. The MSA was signed by both parties and their respective counsel. On July 20, 2022, the family court entered a decree of dissolution incorporating the MSA and expressly finding that it was "not unconscionable."

More than a year later, on October 23, 2023, Haley moved the family court to set child support and schedule a hearing on the matter. In support, she filed a signed affidavit, three recent paystubs, receipts for childcare expenses, and a proposed child support worksheet. Chad responded on October 31, 2023, arguing that the parties had expressly waived child support in the MSA, that Haley's request reflected a mere change of heart, and that no material change in circumstances justified modifying the agreement. Haley filed a reply on

November 3, 2023, asserting that a change in support from $0 to a guideline-based figure established a rebuttable presumption of material change under KRS 403.213(2), and that the MSA did not prohibit future petitions for support.

The family court held a hearing on March 1, 2024. Only Haley and Chad testified. Both acknowledged that they continued to work in the same positions as they did when the MSA was executed and that the parenting schedule had not changed. Haley testified that Chad had inconsistently reimbursed her for his share of child-related expenses and had ceased additional voluntary contributions after learning she had a new partner. Chad testified that he continued to pay his share of expenses as required and that no substantial changes had occurred in the parties' lives to justify modifying the MSA.

On March 6, 2024, the family court entered a written order granting Haley's motion and setting child support retroactive to November 1, 2023. In full, the order provides:

> This matter came before the Court for Hearing on March 1, 2024, on [Haley's] Motion to for [sic] Child Support. [Haley] was present with counsel Hon. Jennifer Frederick. [Chad] was present with counsel, Hon. Jason Dattilo. Also a party to this case is Hon. James K. Murphy, Friend of the Court.
>
> Having considered testimony of parties, documents and pleadings filed, and being otherwise duly and sufficiently advised, the Court **HEREBY FINDS, CONCLUDES, AND ORDERS AS FOLLOWS**:

1. Parties entered into a Marital Settlement Agreement that was filed on April 19, 2022. In that agreement, there was no set child support amount established.

2. Based upon the worksheets tendered to this Court using 2024 income for both parties, the child support obligation that [Chad] would owe to [Haley] would be $754.00 per month.

3. [Chad] objects to the child support worksheet submitted as it does not take into account his prior born child. However, [Chad] did not provide any evidence that he has a child support order in effect for the prior born child. As such, no credit for same can be given.

4. The child support amount $754.00 per month shall be effective November 1, 2023.

5. Because this Order creates an arrearage due, this Court will add arrearage payment of $46.00 per month until said arrearage is paid in full.

(R. at 155-56.) Notably, the family court's order makes no reference to a change in the parties' circumstances. This appeal by Chad followed.

## II. STANDARD OF REVIEW

We review a family court's decisions concerning the establishment or modification of child support for abuse of discretion. *Wilson v. Inglis*, 554 S.W.3d 377, 381 (Ky. App. 2018). "Decisions regarding child support obligations must be fair, reasonable, and supported by sound legal principles." *Seeger v. Lanham*, 542 S.W.3d 286, 298 (Ky. 2018). A court abuses its discretion when its decision is arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Id.*

-5-

Additionally, "[f]amily courts must make findings of fact and conclusions of law and must enter the appropriate order or judgment when hearing modification motions." *Anderson v. Johnson*, 350 S.W.3d 453, 457 (Ky. 2011); *see also* CR[2] 52.01.

### III. ANALYSIS

The statutory framework governing modification of child support is set forth in KRS 403.213. Subsection (1) provides:

> The provisions of *any decree respecting child support* may be modified only as to installments accruing subsequent to the filing of the motion for modification and only upon a showing of a material change in circumstances that is substantial and continuing.

*Id.* (emphasis added). Thus, a party seeking to modify a decree that addresses child support must demonstrate that a substantial and ongoing material change has occurred since the entry of that decree. The burden of proof rests with the moving party. *Wilson*, 554 S.W.3d at 382. However, KRS 403.213(2) provides that when:

> Application of the Kentucky child support guidelines to the circumstances of the parties at the time of the filing of a motion or petition for modification of the child support order . . . results in equal to or greater than a fifteen percent (15%) change in the amount of support due per month shall be rebuttably presumed to be a material change in circumstances.

---

[2] Kentucky Rules of Civil Procedure.

In *Thomas v. Thomas*, No. 2014-CA-002078-ME, 2015 WL 4385685 (Ky. App. Jul. 17, 2015),[3] this Court considered whether the rebuttable presumption in KRS 403.213(2) applied where, as in this case, the parties had agreed in their property settlement agreement that neither would pay child support. Ms. Thomas argued that because she was seeking an increase in child support from $0 per month to a guideline-based amount, the statutory presumption of material change should apply.

We first concluded that, although no formal order setting child support had previously been entered, the separation agreement—incorporated into the final decree—was a "decree respecting child support" within the meaning of KRS 403.213(1). However, we ultimately held that the presumption in subsection (2) did not apply. Specifically, we explained:

> By its express terms, the rebuttable presumption set out KRS 403.213(2) applies solely to "a motion or petition for modification of the child support order." Ms. Thomas did not file a motion to modify child support, and there is no "child support order" to modify. Additionally, in order to establish the rebuttable presumption, the court must find at least a 15% change in child support as measured by the child support table set out in KRS 403.212. Since there was no child support order rendered contemporaneously with the Decree, there is no basis for establishing a 15% change. We do not find persuasive Ms. Thomas's contention that any requested increase in

---

[3] Pursuant to Kentucky Rules of Appellate Procedure ("RAP") 41(A), "'Not To Be Published' opinions of the Supreme Court and the Court of Appeals are not binding precedent[.]" We discuss this case only because Chad has relied on it extensively in his Appellant's brief.

child support from a zero basis necessarily constitutes at least a 15% change, as neither the statutory language nor case law support such a conclusion.

*Thomas*, 2015 WL 4385685, at *3.

More recently, in *Martin v. Cabinet for Health and Family Services*, 583 S.W.3d 12 (Ky. App. 2019), this Court again addressed a situation involving a previously agreed-upon waiver of child support. In *Martin*, as in the present case, the family court incorporated the parties' settlement agreement providing that the "parties shall not pay any amount of child support to either party" into the final decree of dissolution. *Id.* at 14. Sometime thereafter, the mother assigned her right to child support to the Cabinet for Health and Family Services ("Cabinet"), and the Nelson County Attorney, on behalf of the Cabinet, filed an action against the father seeking temporary and continuing child support under the Kentucky Child Support Guidelines.

On appeal, the father argued that the family court erred by applying KRS 403.211 as though this were the initial entry of a child support order, rather than applying the modification provisions of KRS 403.213. We agreed. Like the court in *Thomas*, we concluded that the decree incorporating the parties' agreement was a "decree respecting child support" and that the modification framework of KRS 403.213 governed the Cabinet's motion. We further held that, because the Cabinet (standing in the shoes of the mother) had failed to present any evidence of

a material change in circumstances that was substantial and continuing, the family court should have dismissed the action.

While the holding in *Martin* implicitly rejected the notion that a party can simply bypass the requirements of KRS 403.213 by styling a request as an initial determination, we did not explicitly address whether the rebuttable presumption under subsection (2) applies in such cases. Thus, *Martin* reinforces the applicability of KRS 403.213 to modifications following a waiver, but it leaves open the precise interaction between subsections (1) and (2) when the prior obligation was $0.

This brings us to *Nelson v. Ecklar*, 588 S.W.3d 872, 873 (Ky. App. 2019). The parties in *Nelson* were never married, but as part of a custody action, they entered into an agreed parenting order that provided, in part, that "no child support shall be exchanged between the parents[.]" *Id.* Sometime later, the mother moved the family court for an order requiring the father to pay child support. As grounds for modifying the prior order, she cited the father's increase in income and his failure to comply with their agreement regarding payment of the child's expenses.

On appeal, the father argued that the family court erred in finding a material change in circumstances that was substantial and continuing. *See Nelson*, 588 S.W.3d at 875. In addressing this issue, we concluded that the mother was

entitled to the rebuttable presumption under KRS 403.213(2), based on the discrepancy between the prior child support obligation of $0 per month and the amount she was then due pursuant to the guidelines. *Id.* at 876.

In so holding, the *Nelson* Court relied on *Tilley v. Tilley*, 947 S.W.2d 63 (Ky. App. 1997). In *Tilley*, the parties' separation agreement provided that the father would pay the mother $250 per month in child support, an amount the mother acknowledged was less than the basic child support obligation mandated by Kentucky's Child Support Guidelines. The mother later filed a motion seeking to increase child support. On appeal, we held that "a party who is able to show a 15% discrepancy between the amount of support being paid at the time the motion is filed and the amount due pursuant to the guidelines is entitled to a rebuttable presumption that a material change in circumstances has occurred." *Id.* at 65.

While it is true that *Tilley* involved a discrepancy between a previously ordered amount of child support and a later request for an increase, the principle it announced remains relevant. There, the Court held that a 15 percent difference between the existing obligation and the guideline amount gives rise to a rebuttable presumption of material change. In *Thomas*, this Court declined to apply the presumption where no child support had ever been ordered and the parties had agreed to waive support. The Court reasoned that, in the absence of a

prior child support order, there was no basis for establishing a 15 percent change and therefore the presumption did not apply.

However, *Nelson*, a more recent and published opinion, took a different view. There, despite the existence of an agreed order stating that no child support would be exchanged, we held that the presumption under KRS 403.213(2) was properly applied. In doing so, *Nelson* applied the logic of *Tilley* to cases involving agreed deviations from the guidelines, including those that result in no support being paid. To the extent that *Thomas* suggested otherwise, it is not persuasive. *Nelson* is a more recent, published opinion that directly addresses the applicability of the presumption in the context of a prior agreement to forgo child support. Its reasoning reflects a consistent and evolving line of authority that recognizes child support as a statutory duty rather than a right that may be contracted away. As such, *Nelson* forecloses Chad's argument that a prior waiver of support categorically defeats application of the statutory presumption.

Applying *Nelson*, we agree with Haley that she was entitled to rely on the presumption set forth in KRS 403.213(2). However, this does not mean that she must necessarily prevail. The presumption is not conclusive. It may be rebutted by evidence showing that the change in the calculated support amount does not reflect a true material change in the overall circumstances, or that the

original deviation remains appropriate when viewed in light of the totality of the circumstances.

The application of the guidelines to the parties' 2024 income calculations results in a monthly support obligation well in excess of 15% over the prior amount ($0), thereby triggering the presumption under KRS 403.213(2). The family court was therefore required to determine whether Chad rebutted that presumption. At the March 2024 hearing, both parties testified that they remain in the same jobs they held when the agreement was executed and that their incomes have only marginally changed. The parenting schedule also remains as it was at the time of the decree. Haley testified that Chad inconsistently reimburses her for his share of medical and daycare expenses, prompting her request for a formal support obligation. Chad countered that he continues to fulfill the terms of the MSA and that Haley's motion reflects a change in preference, not circumstance.

The family court erred by treating Haley's motion as one governed by KRS 403.212, as though no order respecting child support had ever been entered. As established in *Martin*, when a prior decree, whether by agreement or judicial determination, addresses child support, any subsequent request for a change must be treated as a motion to modify under KRS 403.213. The decree of dissolution in this case expressly incorporated the parties' agreement that no child support would be paid. That agreement constituted a decree respecting child support within the

-12-

meaning of KRS 403.213. The family court's failure to apply the correct statutory framework requires us to vacate its order and remand for further proceedings.

On remand, Haley is entitled to rely on the presumption of material change under KRS 403.213(2), because the difference between the prior obligation of $0 per month and the calculated support amount exceeds the fifteen percent threshold. However, the presumption is not conclusive. The General Assembly's use of the word "rebuttable" reflects its intent to give family courts discretion to determine whether the increased amount truly represents a substantial and continuing material change.[4] *Wells v. Hamilton*, 645 S.W.2d 353, 355 (Ky. App. 1983) ("The legislature has labeled the presumptions 'rebuttable.' It is therefore clear that the legislature intended the general rules applicable to rebuttable presumptions to apply.").

The family court was required to make findings of fact regarding whether Chad overcame the presumption, considering the totality of the

---

[4] "[R]ebuttable presumptions are governed by [Kentucky Rules of Evidence] KRE 301." *Ak Steel Corp. v. Adkins*, 253 S.W.3d 59, 63 (Ky. 2008). "The existence of a presumption serves only to require the party against whom it operates to introduce evidence to rebut it." *Rentschler v. Lewis*, 33 S.W.3d 518, 520 (Ky. 2000). "If the presumption is not rebutted, the party with the burden of proof prevails on that issue by virtue of the presumption. If the presumption is rebutted, it is reduced to a permissible inference." *Ak Steel*, 253 S.W.3d at 63. "Because a fact must be proved with substantial evidence, a rebuttable presumption must be met with substantial evidence." *Jefferson Cnty. Public Schools/Jefferson Cnty. Bd. of Educ. v. Stephens*, 208 S.W.3d 862, 866 (Ky. 2006). However, "[th]e countervailing defensive evidence need not be 'substantial' in that it would support a positive conclusion . . .; it need only cast enough doubt on the validity of the initial presumption in the case at hand to justify a reasonable man in disregarding it." *Workman v. Wesley Manor Methodist Home*, 462 S.W.2d 898, 900 (Ky. 1971).

circumstances. Certainly, this would include consideration of the parties' testimony that notwithstanding the 15% discrepancy, their incomes, living situations, division of expenses, and timesharing had not changed since entry of the original decree. Such evidence certainly tends to suggest that the parties' circumstances remain unchanged.

However, here, the family court appears to have treated Haley's motion as an initial determination under KRS 403.212 since it did not make any findings regarding a change of circumstances. This was plain error that requires us to vacate and remand this matter for additional findings of fact and conclusions of law.

Additionally, given the lack of any analysis in the family court's written order, the passage of time, and the family court's apparent belief that this was an initial support determination rather than a modification, we conclude that a supplemental evidentiary hearing is warranted.

## IV. CONCLUSION

Accordingly, we vacate the Jefferson Family Court's March 6, 2024 order and remand for the court to conduct a supplemental hearing and enter specific findings of fact and conclusions of law addressing whether Chad rebutted the statutory presumption under KRS 403.213(2). In doing so, the court may consider all relevant evidence, including the parties' prior agreement, the

-14-

consistency of their respective contributions, and the overall equities of the case, bearing in mind that child support is a duty owed to the child, not a benefit conferred on the custodial parent.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jason Dattilo
Prospect, Kentucky

BRIEF FOR APPELLEE:

Jennifer L. Frederick
Louisville, Kentucky